IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON DANIELS and ROBERT SZWAJA Individually, and on Behalf of All Others Similarly Situated, </br></br>    Plaintiffs, </br></br> v. </br></br>PREMIUM CAPITAL FUNDING, LLC D/B/A TOP DOT MORTGAGE, DAVID BROWN, FRANK FIORE and DANIEL MANSI, </br></br>    Defendants. | Case No. CV 08-4736 </br></br>JUDGE WEXLER </br></br>MAGISTRATE JUDGE LINDSAY |

**PLAINTIFFS' MOTION IN LIMINE**

 Plaintiffs Daniels and Szwaja, on behalf of themselves and others similarly situated (collectively, "Plaintiffs"), and before the voir dire examination of the jury panel, and out of the presence and hearing of the jury panel, make this Motion in Limine. Plaintiffs seek to exclude matters that are incompetent, irrelevant, or prejudicial to the material issues in this cause. If Defendants inject these matters into the trial of this cause through a party, and attorney, or a witness, Defendants will cause irreparable harm to Plaintiffs' cause, which no jury instruction would cure. If any of these matters are brought to the attention of the jury, directly or indirectly, Plaintiffs would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiffs urge this Motion in Limine.

 Plaintiffs ask this Court, by entering the attached order, to prohibit Defendants from offering any of the following evidence without first asking for a ruling from the Court on the admissibility of the evidence, out of the presence of the jury:

1. Any testimony regarding the number of putative class members to whom notices of this lawsuit were sent versus the number of class members who joined this lawsuit.

2. Any attempt to elicit testimony from any Plaintiff as to job performance, discipline, or the reason(s) why their employment with Defendants ended.

3. Any attempt to elicit testimony from any witness as to whether any Plaintiff is similarly situated to any other Plaintiff.

4. Any evidence Defendants did not produce during discovery. Defendants should not be permitted to present any evidence that they failed to produce in response to any discovery request.

5. Any reference or characterization that any Plaintiff failed to cooperate with discovery in this case.

6. Any testimony or argument suggesting that Plaintiffs, through their attorneys, asserted claims of privilege during discovery. Claims of privilege are not admissible as evidence.

7. Any attempt to elicit from any of the plaintiffs about communications with their attorneys. Such communications are privileged. *See* Fed. R. Evid. 501.

8. Any testimony or argument suggesting that plaintiffs' attorneys have a contingency fee in the suit, or any testimony or argument regarding plaintiffs' fee arrangement with their attorneys.

9. Any evidence, statement, or argument of other crimes, wrongs, or acts to prove the character of any of plaintiffs' witness to show that any witness acted in conformity with his or her character. *See* Fed. R. Evid. 404(b).

10. Any reference to the claimed poverty of any Defendant, including but not limited to any reference to bankruptcy filings.

11. Any evidence that Defendants are entitled to an "off set" for work allegedly not performed.

12. Any evidence that Defendants' practices comport with industry standards or customs.

13. Any evidence that Plaintiffs never complained about Defendants' pay practices, or were happy or content with them.

WHEREFORE, Plaintiffs ask this Court to instruct Defendants, all counsel, and all witnesses not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court outside the presence and hearing of the jury, and to further instruct Defendants and all counsel to warn and caution each of their witnesses to follow the same instructions, and for all other relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Dated: September 1, 2011

Respectfully submitted,

/s/ Erik H. Langeland
Erik H. Langeland
ERIK H. LANGELAND, P.C.
500 Fifth Avenue, Suite 1610
New York, NY 10110
Phone: (212) 354-6270
Fax: (212) 898-9086

James B. Zouras
Ryan F. Stephan
(Admitted Pro Hac Vice)
STEPHAN ZOURAS, LLP
205 North Michigan Avenue
Suite 2560
Chicago, IL 60601
(312) 233-1550
(312) 233-1560 (Fax)